UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA PRODUCE CREDIT BUREAU,

    Plaintiff,

v.

NATURE'S PRODUCE, L.L.C. d/b/a
SPRING GARDEN FRUIT & PRODUCE;
JEFFREY R. SOMMERS, an individual; and
LORETTA A. SOMMERS, an individual;

    Defendant.

Civil Action No._____

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, Philadelphia Produce Credit Bureau ("PPCB"), through its undersigned counsel, by way of Complaint against Defendants, Nature's Produce, L.L.C. d/b/a Spring Garden Fruit & Produce ("Nature's"), Jeffrey R. Sommers ("J. Sommers") and Loretta A. Sommers ("L. Sommers") states and alleges:

JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"), 7 U.S.C. § 499(e)(b), and 28 U.S.C. § 1331.

2. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff's claims arose in this District.

**PARTIES**

3. Plaintiff PPCB is a Pennsylvania nonprofit corporation with its office and principal place of business at Suite C209, 6700 Essington Ave., Philadelphia, Pennsylvania 19153, and the assignee of claims of the following entities ("Assignors") which are members of PPCB:

    a. B.R.S. Produce Company ("BRS"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave., Suites D2-D4, Philadelphia, Pennsylvania 19148.

    b. Collotti & Sons Inc. ("Collotti"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave., Suites I7-I8, Philadelphia, Pennsylvania 19148.

    c. Colonial Produce, Inc. ("Colonial"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave., Suites B7-B8, Philadelphia, Pennsylvania 19148.

    d. Coosemans Philadelphia, Inc. ("Coosemans"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave., Suites A7-A9, Philadelphia, Pennsylvania 19148.

    e. G & G Produce, Inc. ("G & G"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave., Suites F7-F8, Philadelphia, Pennsylvania 19148.

    f. E.W. Kean Co. Inc. ("Kean"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave., Suites G1-G2, Philadelphia, Pennsylvania 19148.

    g. Klinghoffer Bros., Inc. ("Klinghoffer"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave., Suites C8-CP, Philadelphia, Pennsylvania 19148.

  h.  T.M. Kovacevich-Philadelphia, Inc. ("Kovacevich"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave., Suites A1-A6, Philadelphia, Pennsylvania 19148.

  i.  M. Levin & Co. ("Levin"), a Pennsylvania business corporation with its office andprincipal place of business at 6700 Essington Ave., Suites H2-H5, Philadelphia, Pennsylvania 19148.

  j.  Nardella, Inc. ("Nardella"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave, Suites G4-G6, Philadelphia, Pennsylvania 19148.

  k.  North American Produce Co. ("North"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave, Suites I1-I2, Philadelphia, Pennsylvania 19148.

  l.  Procacci Bros. Sales Corp. d/b/a Garden State Farms ("Procacci"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave, Suites I4-I6, Philadelphia, Pennsylvania 19148.

  m.  John Vena, Inc. ("Vena"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave, Suites F1-F5, Philadelphia, Pennsylvania 19148.

  n.  Wick & Brothers, Inc. ("Wick"), a Pennsylvania business corporation with its office and principal place of business at 6700 Essington Ave, Suite G-3, Philadelphia, Pennsylvania 19148.

  4.  Assignors are engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce and are each licensed as dealers under PACA.

  5.  a.  At all times relevant hereto, Nature's was and is a Pennsylvania limited liability company corporation with a principal place of business formerly located at 6700 Essington Avenue, Suite G209, Philadlephia, PA 19153, that was engaged in the business of buying wholesale quantities of produce in interstate commerce, and that was subject to license as a dealer under PACA.

b. At all times relevant hereto, Jeffrey R Sommers, was and is a dealer and commission merchant under PACA and a member of Nature's who was in a position of control over the PACA trust assets belonging to Plaintiff and Assignors. Defendant J. Sommers also executed a personal guaranty with respect to debts owed by Nature's in favor of Plaintiff on August 31, 2017. Upon information and belief, J. Sommers resides at 36 Nevada Lane, Willingboro, New Jersey 08046.

c. At all times relevant hereto, Loretta A Sommers, was and is a dealer and commission merchant under PACA and a member of Nature's who, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiff and Assignors. Defendant L. Sommers also executed a personal guaranty with respect to debts owed by Nature's in favor of Plaintiff on August 31, 2017. Upon information and belief, L. Sommers resides at 36 Nevada Lane, Willingboro, New Jersey 08046.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This action is brought to enforce the trust provisions of the PACA, 7 U.S.C. § 499e(c).

7. Between November 1, 2019, and January 10, 2020, assignors sold and delivered, in interstate commerce, wholesale amounts of produce ("produce") and other goods worth the aggregate amount of $92,008.25, of which $91,045.25 was for produce, to Defendant Nature's, which Defendants accepted, as follows:

| Assignor | Dates of Sale | Produce Amt Owed | Other Goods Amt Owed | Total Principal Amt Owed |
|---|---|---|---|---|
| B.R.S. Produce Company | 11/27/19 – 1/09/2020 | $5,303.00 | $ 963.00 | $ 6,266.00 |
| Collotti & Sons Inc. | 12/06/19 – 1/10/2020 | $3,482.00 | --- | $ 3,482.00 |
| Colonial Produce, Inc. | 11/27/19 – 1/10/2020 | $1,453.00 | --- | $ 1,453.00 |
| Coosemans Philadelphia, Inc. | 1/03/2020 – 1/06/2020 | $6,200.50 | --- | $ 6,200.50 |

| | | | | |
|---|---|---|---|---|
| G&G Produce, Inc. | 12/12/19 – 1/09/2020 | $1,885.00 | --- | $ 1,885.00 |
| E.W. Kean, Inc. | 11/27/19 – 1/10/2020 | $11,139.00 | --- | $11,139.00 |
| Klinghoffer Bros. Inc. | 11/21/19 – 1/09/2020 | $ 9,840.00 | --- | $ 9,840.00 |
| T.M. Kovacevich-Phila., Inc. | 11/27/19 – 1/10/2020 | $20,096.50 | --- | $20,096.50 |
| M. Levin & Co., Inc. | 12/05/19 – 1/09/2020 | $ 3,482.00 | --- | $ 3,482.00 |
| Nardella, Inc. | 11/1/19 – 12/06/2019 | $ 911.50 | --- | $ 911.50 |
| North American Produce Co. | 11/22/19 – 1/10/2020 | $12,455.00 | --- | $12,455.00 |
| Procacci Bros. Sales Corp. t/a Garden State Farms | 11/27/19 – 1/10/2020 | $ 6,007.75 | --- | $ 6,007.75 |
| John Vena, Inc. | 12/12/19 – 1/09/2020 | $ 2,699.00 | --- | $ 2,699.00 |
| Wick & Brothers, Inc. | 11/27/19 – 1/10/2020 | $ 6,091.00 | --- | $ 6,091.00 |

8. The aggregate principal amount of wholesale quantities of produce sold to Defendant Nature's by the Assignors is $91,045.25. The aggregate principal amount of produce and other good (eggs) sold to Defendant Nature's by the Assignors is $92,008.25

9. At the time Defendant Nature's received and accepted the produce, Assignors became beneficiaries in a statutory trust under PACA ("PACA Trust"), which is designed to assure payment to produce suppliers and which consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants.

10. Assignors timely preserved their respective interests in the PACA Trust in the aggregate principal amount of $91,045.25 by delivering to Defendant invoices containing the requisite statutory language ("Invoices"), and Assignors remain beneficiaries thereof until full payment is made for the produce.

11. Defendant Nature's failed and refused to pay Assignors any portion of the $91,045.25 due and owing for the produce prior to the filing of this lawsuit, despite promising to deliver a payment on January 9, 2020, and ceased operations on January 10, 2020.

12. Assignors assigned their claims under the invoices to PPCB on January 16, 2020.

13. Defendants have violated their statutory, regulatory and contractual duties to preserve and turnover the PACA Trust assets belonging to Assignors and plaintiff PPCB by dissipating those assets.

## COUNT ONE
### (Failure to Pay Trust Funds – All Defendants)

14. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 15 of this Complaint as if fully set forth herein.

15. Defendants' continuing failure and refusal to pay Plaintiff, PPCB, the PACA Trust funds in the principal amount of $91,045.25 violates PACA and PACA regulations.

16. As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendants, enforcing payment from the PACA Trust by ordering Defendant to pay Plaintiff the principal amount of $91,045.25 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT TWO
### (Failure to Pay Promptly- Nature's)

17. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Defendant Nature's received each of the shipments of produce described above.

19. The PACA requires Defendant Nature's to tender full payment promptly to its unpaid suppliers of produce.

20. Defendant Nature's failed to pay for the produce supplied by Assignors within the payment terms.

21. As a result of Defendant Nature's failure to pay promptly, Plaintiff has incurred damages in the principal amount of $91,045.25.

WHEREFORE, Plaintiff demands judgment against Defendant Nature's, enforcing payment from the PACA Trust by ordering Defendant Nature's to pay Plaintiff the principal amount of $91,045.25 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT THREE
### (Breach of Contract -- Failure to Pay For Goods Sold – Nature's)

22. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendant Nature's continuing failure and refusal to pay Plaintiff, as the assignee of the claims of Assignors, the full balance due and owing for the produce and other items received and accepted by this Defendant constitutes a material breach of the contracts between Assignors and Defendant Nature's.

24. As a direct and proximate result of Defendant Nature's continuing material breaches of contracts, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendant Nature's for damages in the principal amount of $92,008.25 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FOUR
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Jeffrey R. Sommers)

25. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 24 above as if fully set forth herein.

26. Defendant, Jeffrey R. Sommers, was a principal of Nature's who operated the corporate defendant during the period of time in question and who, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiff.

27. Defendant, Jeffrey R. Sommers, failed to direct Nature's to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

28. Defendant, Jeffrey R. Sommers' failure to direct Nature's to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

29. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant, Jeffrey R. Sommers, in favor of Plaintiff, in the principal amount of $91,045.25, and for such other and further relief as the Court deems appropriate.

## COUNT FIVE
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Loretta A. Sommers)

30. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 29 above as if fully set forth herein.

31. Defendant, Loretta A. Sommers, was a principal of Nature's who operated the corporate defendant during the period of time in question and who, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiff.

32. Defendant, Loretta A. Sommers, failed to direct Nature's to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

33. Defendant, Loretta A. Sommers' failure to direct Nature's to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

34. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant, Loretta A. Sommers, in favor of Plaintiff, in the principal amount of $91,045.25, and for such other and further relief as the Court deems appropriate.

## COUNT SIX
### (Personal Guaranty – Defendants J. Sommers and L. Sommers)

35. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. On August 31, 2017, Defendants, Jeffrey R. Sommers and Loretta A. Sommers, personally guaranteed Plaintiff, as representative of its members (the Assignors herein) payment of all amounts together with interest, costs, expenses, including attorneys' fees, which Nature's at any time owed to the members.

37. Defendants, Jeffrey R. Sommers and Loretta A. Sommers, have failed to make payment due in the principal amount of $92,008.25, plus interest, costs and attorney's fees.

WHEREFORE, Plaintiff requests judgment against Defendants, Jeffrey R. Sommers and Loretta A. Sommers, jointly and severally and in favor of Plaintiff, in the principal amount of $92,008.25, plus interest costs and attorneys' fees, and for such other and further relief as the Court deems appropriate.

## COUNT SEVEN
### (Interest and Attorneys' Fees)

38. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. PACA, the invoices at issue, and the personal guaranty at issue, entitle Plaintiff to recover interest and attorneys' fees in the event that Defendants violates their obligations by failing to pay Plaintiff for the produce and other items sold to Nature's.

40. Defendants' continuing failure and refusal to pay Plaintiff the principal amount of $92,008.25 due and owing for the produce and other goods entitles Plaintiff to recover interest and attorneys' fees incurred in enforcing the PACA Trust and personal guaranty.

WHEREFORE, Plaintiff demands judgment against Defendants, Nature's, J. Sommers, and A. Sommers, jointly and severally, for damages in the principal amount of $92,008.25 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

Dated: January 21, 2020.

Respectfully submitted,

McCARRON & DIESS

By: _____
Mary Jean Fassett, PA Bar #314958
Validated Signature Code: MJF8878
4530 Wisconsin Avenue, NW, Suite 301
Washington, DC 20016
Tel. 202-364-0400
Fax 202-364-2731
mjf@mccarronlaw.com

*Counsel for Plaintiff*